## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PRISCILLA BENAVIDEZ,**

      **Plaintiff,**

      **vs.**                              **Civ. No. 12-919 MV/ACT**

**STATE OF NEW MEXICO**
**DEPARTMENT OF TRANSPORTATION,**

      **Defendant.**

## ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Protective Order ("Motion"), filed March 29, 2013. [Doc. 27.] Plaintiff filed her Response ("Response") on April 15, 2013. [Doc. 30.] Defendant filed its Reply ("Reply") on April 29, 2013. [Doc. 31.] A Notice of Completion of Briefing was filed on April 29, 2013. [Doc. 32.] Having considered the filings of the parties and the relevant law, the Court finds that Defendant's Motion is granted in part and denied in part.

## FAILURE TO CONFER IN GOOD FAITH

Although Defendant's counsel asserts in its Motion that the he "sought in good faith to resolve the issues" [Doc. 27 at 1], Defendant's counsel is simply reciting the required "good faith request" as mandated in Fed. R. Civ. P. 37(a)(1) and D.N.M. LR-Civ. 7.1(a) rather than demonstrating compliance.  What defense counsel does not say is that his good faith effort consisted of sending an e-mail to Plaintiff's counsel regarding requests related to confidential personnel information. [Doc. 30 at 2.] As part of that e-mail, defense counsel attached a Stipulated Confidentiality Order to which Plaintiff's counsel objected, but also offered to

reconsider if the objections could be addressed.  [Doc. 30-1, Doc. 31-1.]  Defense counsel chose

instead to file a Motion for Protective Order, without addressing Plaintiff's counsel's objections,

and without discussing or presenting it to Plaintiff's counsel for review. [Doc. 30 at 2-3.]

Counsel for Defendant failed to comply with both the letter and the spirit of Federal

Rules of Civil Procedure and District of New Mexico Local Rules before filing its Motion for

Protective Order.  Defense counsel's communications with Plaintiff's counsel did not come

within arms length of "conferring in good faith."  *See e.g.*, *Hoelzel v. First Select Corp.*, 214

F.R.D. 634, 635 (D. Colo. 2003) (to confer means more than making a demand for compliance;

it means "to hold a conference; compare views; consult together.").

Counsel for Defendants also failed to comply with the District of New Mexico Local

Rules in another respect.  Counsel failed to attach a copy of Defendant's responses to the

discovery requests that are the subject of its Motion for Protective Order and instead included its

objections within the body of its Motion.  The Local Civil Rules require that the party seeking

relief attach a copy of the disputed discovery request and the response and objection thereto.  *See*

D.N.M.LR-Civ. 37.1.

Finally, the Local Civil Rules require that a party filing a motion determine whether a

motion is opposed, and a motion that omits recitation of a good-faith request for concurrence

may be summarily denied.  D.N.M.LR-Civ.7.1(a) While Defendant states that the it "determined

that this motion is opposed," Plaintiff's counsel states that defense counsel never spoke with him

regarding his concurrence or opposition. [Doc. 30 at 3.]

The failure of Defendant's counsel to comply with the Federal Rules of Civil Procedure

and the Local Rules of Civil Procedure for the District of New Mexico would justify an

immediate denial of Defendant's Motion so as "not to burden the Court with an unnecessary

2

discovery motion."  However, the Court will review the merits of the Motion and instead warns

counsel for Defendant that any future failures to comply with the Federal Rules of Civil

Procedure, the Local Rules of Civil Procedure or the Orders of this Court will result in

sanctions.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

On August 29, 2012, Plaintiff filed her Complaint for Damages From Violations of Title

VII, The Equal Pay Act, and New Mexico Common Law ("Complaint") in the United States

District Court for the District of New Mexico. [Doc. 1.]  Plaintiff named the State of

New Mexico Department of Transportation ("DOT") as Defendant.  On October 22, 2012,

Defendant filed its Answer.  [Doc. 7.]  On October 22, 2012, Defendant also filed a Motion for

Partial Dismissal, which is currently pending before District Judge Martha Vázquez, seeking to

dismiss claims it asserts have not been administratively exhausted.  [Doc. 9.] On January 3,

2013, the Court held an Initial Scheduling Conference and set case management deadlines.

[Doc. 20.]  A Rule 16 Settlement Conference is scheduled for June 25, 2013. [Doc. 21.]

The factual basis of Plaintiff's Complaint involves her employment with the State of

New Mexico Department of Transportation ("DOT").  Plaintiff states she began working with

the DOT in August 1997 as a Civil Engineer, and has been assigned to the District 3 offices in

---

[1]  Counsel for Defendants also failed to comply with this Court's Order.  Paragraph four of the Court's
Initial Scheduling Order [Doc. 10] reads as follows:

> Counsel are required to comply with the Local Civil Rules of the United States
> District of New Mexico as well as the Federal Rules of Civil Procedure.  Civility
> and professionalism will be required of counsel, and counsel must comply with "A
> Creed of Professionalism of the New Mexico Bench and Bar" (which can be found
> in the State Bar of New Mexico Bench and Bar Directory).

The Creed of Professionalism states that lawyers "will attempt to resolve, by agreement, [his or her] objections to
matters contained in [his or her] pleadings and discovery requests."  A copy of the Creed of Professionalism of the
New Mexico Bench and Bar is attached to this Memorandum Opinion and Order.

Bernalillo County since she was hired. [Doc. 1 at 2.]  Plaintiff claims generally that over the course of her employment, she has sought a number of promotions for which she was qualified but was passed over by lesser-qualified males. [Doc. 1 at 7, ¶¶ 30, 33.] In addition, Plaintiff claims that "male employees were paid differently and/or promised different rates of pay for promoted positions." [Id. at 10, ¶ 55.]  Plaintiff alleges that the DOT has failed to follow its own policies and procedures with respect to filling vacant positions, as well as in responding to grievances. [Doc. 1 at 4-5.]

More specifically, Plaintiff asserts that in Spring 2010, her supervisor, Tony Abbo, offered her an interim position of District Three Traffic Engineer. [Doc. 1 at 3.] Plaintiff states that Mr. Abbo subsequently withdrew the offer after Plaintiff questioned him about the terms and conditions of the interim position with respect to compensation and maintaining her current job responsibilities.  [Id.] Plaintiff alleges that soon thereafter her supervisor became hostile and harassing toward her to the point that she indicated to various DOT managers that she feared she would be retaliated against in seeking a promotion when the District Three Traffic Engineer position was posted. [Id.] When the District Three Traffic Engineer position was posted in June 2011, Plaintiff applied and interviewed for the position.  [Id.] Instead of choosing her for the position, the DOT selected a male employee who Plaintiff claims lacked the experience and qualifications required for the position. [Id.] Plaintiff asserts that she requested an exit interview with the hiring panel, but her request was not answered in a timely fashion. [Id. at 4.]  Plaintiff asserts that during the time of her inquiry with the hiring panel, she also requested information from the DOT regarding the DOT's refusal to reimburse her for work-related business trip expenses after reimbursing those same expenses to another employee. [Id.]

On August 23, 2011, Plaintiff filed a Charge of Discrimination with the EEOC based on sex, retaliation, and equal pay. [Doc. 27-1 at 1.] On September 13, 2011, Plaintiff filed an Amended Charge of Discrimination with the EEOC (the "2011 EEOC filing") based on sex, retaliation, and equal pay. [Doc. 27-1 at 3.] On June 1, 2012, the EEOC issued a Right to Sue Letter.  On June 26, 2012, Plaintiff filed a third Charge of Discrimination with the EEOC (the "2012 EEOC filing") based on sex, retaliation, equal pay, and national origin. [Doc. 27-1 at 10.] On August 29, 2012, Plaintiff filed her Complaint.

In its Motion, Defendant seeks a protective order from this Court arguing that the scope of Plaintiff's discovery requests exceeds the bounds of her Complaint because it seeks to include discovery based on charges contained in her 2012 EEOC filing.  [Doc. 27 at 2.] Defendant also argues that Plaintiff's election to file her 2012 EEOC filing in which she repeats some of her claims regarding promotional opportunities from her 2011 EEOC filing "renew[s her] pursuit of administrative remedies for those claims, barring the promotional opportunities claims she alleges in this lawsuit." [Id. at 3.]  Defendant contends that Plaintiff's *resubmission* of her "promotional opportunity claims" to the EEOC for administrative review precludes her from litigating those claims, has divested this Court of authority over those claims, and that no discovery related to those claims is relevant as a matter of law. [Id. at 3-4.] Defendant argues that the doctrine of claim or issue preclusion applies to the promotional opportunity claims because Plaintiff seeks to advance her claims in two forums. [Id. at 4.]

In her Response, Plaintiff argues that Defendant's Motion should be denied because (1) Defendant failed to comply with both federal and local rules in filing its Motion; (2) Defendant failed to provide discovery related to claims Defendant admits have been administratively exhausted; (3) Defendant is obligated to provide discovery on Plaintiff's hostile

work environment and Equal Pay Act claims because administrative exhaustion does not apply

to those claims; (4) Defendant's exhaustion arguments are more appropriate for summary

judgment and not applicable to discovery matters; and (5) the discovery requests Defendant

seeks protection from are not objectionable under Fed. R. Civ. P. 26. [Doc. 30 at 1-2.]  Plaintiff

seeks the imposition of sanctions against Defendant arguing that Defendant's motion lacks any

factual or legal basis. [Id. at 2.]

In its Reply, Defendant repeats the argument that the discovery requested by Plaintiff is

barred because she has repeated claims in her 2012 EEOC filing from her 2011 EEOC filing.  To

that end, Defendant argues that Plaintiff has not only failed to exhaust her administrative

remedies, but has chosen the EEOC administrative process such that her claims are no longer the

proper subject of any discovery in this lawsuit. [Doc. 31 at 3-4.]

## RELEVANT LAW

### A.      Scope and Relevance of Discovery

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's

claim or defense." Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Federal

courts have held that the scope of discovery under Rule 26 is deliberately broad.  "The way is

now clear, consistent with recognized privileges, for the parties to obtain the fullest possible

knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1974);

*see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229

F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.) ("The federal courts have held that the scope of

discovery should be broadly and liberally construed to achieve the full disclosure of all

potentially relevant information.").

6

A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002)(unpublished). *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. 2002) (Knapp, J.) ("Discovery, however, is not intended to be a fishing expedition, bur rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")(citation omitted)). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d at 1520.

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, the "object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D.Ill. 1998)(quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill. 1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "[t]he legal tenet that relevancy in the discovery content is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Rule 26 was amended in 2000 to state that the material requested must be "relevant to the claim or defense of any party," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The Advisory Committee explained that the amendment was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (stating that the amendment was made

with the intent "that the parties and the court focus on the actual claims and defenses involved in

the action"). The Advisory Committee further explained:

> Under the amended provisions, if there is an objection that discovery goes beyond
> material relevant to the parties' claims or defenses, the court would become
> involved to determine whether the discovery is relevant to the claims or defenses,
> and if not, whether good cause exists for authorizing it so long as it is relevant to
> the subject matter of the action. The good-cause standard warranting broader
> discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

### B.   Interrogatories and Requests for Production

Rule 33 requires a party to answer an interrogatory "separately and fully . . ., unless it is

objected to, in which event the objecting party . . . shall answer to the extent the interrogatory is

not objectionable." Fed. R. Civ. P. 33(b)(1). Likewise, Rule 34 requires a party on whom a

request for production is served to "state . . . that inspection and related activities will be

permitted as requested, unless the request is objected to . . . . If an objection is made to part of

an item or category, that part shall be specified and inspection permitted of the remaining parts."

Fed. R. Civ. P. 34(b). Rule 33 also provides: "all grounds for an objection to an interrogatory

shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). "The burden is on the objecting party

to show why an interrogatory is improper." 8A Charles A. Wright, Arthur R. Miller & Richard

L. Marcus, Federal Practice & Procedure § 2173, at 291-92. The objecting party is required to

"show specifically how, despite the broad and liberal construction afforded the federal discovery

rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or

offering evidence revealing the nature of the burden." *Design Basics, L.L.C. v. Strawn*, 271

F.R.D. 513, 519 (D.Kan. 2010)(quoting *Allianz Ins. Co. v. Surface Specialities, Inc.*, 2005 WL

44534, at *2 (D.Kan. Jan. 7, 2005)(unpublished opinion).

C.    **Protective Orders**

Rule 26(c) provides the mechanism for protecting certain discovery.  Federal Rule of

Civil Procedure 26(c) provides that "[a] party or any person from whom discovery is sought may

move for a protective order in the court where the action is pending[.] . . .  The motion must

include a certification that the movant has in good faith conferred with other affected parties in

an effort to resolve the dispute without court action."  "If a motion for a protective order is

wholly or partly denied, the court may, on just terms, order that any party or person provide or

permit discovery."  Fed. R. Civ. P. 26(c)(2).  Rule 37(a)(5) applies to the award of expenses and

states in pertinent part:

> If the motion is granted - or if the disclosure or requested discovery is provided after
> the motion was filed - the court must, after giving an opportunity to be heard, require
> the party or deponent whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable expenses incurred in
> making the motion, including attorney's fees.  But the court must not order this
> payment if: (i) the movant filed the motion before attempting in good faith to obtain
> the disclosure or discovery without court action; (ii) the opposing party's
> nondisclosure, response, or objection was substantially justified; or (iii) other
> circumstances make an award of expenses unjust.
>
> . . .
>
> If the motion is granted in part and denied in part, the court may issue any protective
> order authorized under Rule 26(c) and may, after giving an opportunity to be heard,
> apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5).

## ANALYSIS

A.    **Summary Overruling of Certain of Defendant's Objections**

This Court rejects Defendant's argument that Plaintiff's repeating of certain claims in her

2012 EEOC filing from her 2011 EEOC filing precludes her from litigating the issues raised in

her Complaint based on her 2011 EEOC filing.  Defendant fails to cite to any authority to

9

support its legal theory that those repeated claims are now "deemed subsumed" in the 2012

EEOC filing thus barring her claims before this Court.  In addition, this Court can find no

authority that the existence of overlapping claims in EEOC filings deems repeated claims moot

in the first instance.  Furthermore, Tenth Circuit case law makes clear that in order to preserve

discrete acts of discrimination based on incidents occurring *after* the filing of an initial EEOC

complaint, "a claimant must file a charge . . . within the appropriate limitations period as to each

such discrete act . . . that occurred."  *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003)(quoting

*Davidson v. America Online, Inc*., 337 F.3d 1179, 1184 (10th Cir. 2003)(citing *National Railroad*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 122, S.Ct. 2061 (2002)).  Thus, logic dictates that

subsequent EEOC charges may be filed even though judicial proceedings have been initiated on

an initial EEOC complaint.

Defense counsel's suggestion that the legal principles of res judicata (claim preclusion)

and/or collateral estoppel (issue preclusion) support his legal theory is untethered.  Res judicata

and collateral estoppel are affirmative defenses.  Fed. R. Civ. P. 8(c)(1).  Res judicata applies

when there is a final judgment on the merits by a court having jurisdiction which precludes the

parties or their privies from relitigating the issues that were decided or issues that could have

been raised in the earlier action.  Collateral estoppel applies when there is a final judgment on

the merits by a court having jurisdiction which precludes the relitigation of those issues that

actually were litigated and decided in a prior action.  Here, no final judgment on the merits by a

court having jurisdiction over this matter has been presented to this Court regarding Plaintiff's

claims such that either res judicata or collateral estoppel would apply as affirmative defenses.

Finally, Defendant's arguments regarding Plaintiff's failure to exhaust her administrative

remedies with respect to certain of her claims have been raised and briefed in Defendant's

Motion for Partial Dismissal which is currently pending before District Judge Martha Vázquez. [Doc. 9.]  Thus, this Court will neither address nor consider Defendant's arguments in that regard with respect to this Motion.

For these reasons, Defendant's objections to Plaintiff's Requests on any of the aforementioned grounds are summarily overruled.

The Court also summarily overrules each of Defendant's objections regarding the temporal scope of Plaintiff's requests.  Plaintiff filed her charge of discrimination on August 23, 2011.  Pursuant to 42 U.S.C. § 2000e-5(e)(1), only those acts that occurred 300 days before August 23, 2011, are actionable.[2]  *Morgan*, 536 U.S. at 114, 122 S.Ct. at 2073.  However, the statute does not bar an employee from using *prior* acts as background evidence in support of a timely claim.  *Morgan*, 536 U.S. at 113, 122 S.Ct. at 2072.  Furthermore, unexhausted incidents of alleged discrimination occurring *after* filing of judicial complaint are relevant and can be used as background evidence in support of claims for which administrative remedies were properly exhausted.  *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2033).  Thus, the Court has determined that the temporal scope of Plaintiff's requests is reasonable.

**B.**     **Plaintiff's "Objectionable" Requests for Production**

**Request No. 1**:         Please produce any and all documents, writing, and things that establish, explain, or substantiate any of Defendant's affirmative defenses.

**DOT's Objections:**     Defendant objects to this request for production on the grounds that a request for all evidence that supports an opposing party's allegations, but which does not identify any particular class or type of documents, is an improper and facially overbroad "contention" request. Rule 34(b)(1)(A) requires document identification either by

---

[2]  Three hundred days before August 23, 2011, is October 28, 2010.

individual document or by category identified with reasonable particularity. . . . This request improperly violates these rules.

Defendant's Motion regarding Request No. 1 is denied. Defendant's reliance on this request being "facially overbroad" does not substantiate its objection. While courts may find a request overly broad or unduly burdensome on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope, that is not the case here. Fed. R. Civ. P. 34(b) provides that "request[s] shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Use of too all-encompassing language violates Rule 34. That said, the overall wording of a request determines whether it is overly broad. *See Cotracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 655, 665-66 (D.Kan. 1999). When a request is worded so broadly as to "require the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request," the request is objectionable as overly broad. *See Audiotext Commc'ns v. U.S. Telecom, Inc*., 1995 WL 18759, at *1 (D.Kan. Jan. 17, 1995). Here, while Plaintiff's request admittedly uses broad language, its breadth is sufficiently narrowed by other language. The request is reasonably interpreted to seek evidence that the Defendant intends to rely on to support its affirmative defenses. Plaintiff is entitled to discovery relating to affirmative defenses and such material is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

Defendant is ordered to produce any and all documents, writing, and things that establish, explain, or substantiate any of Defendant's affirmative defenses.

**Request No. 2**:   Please produce any and all documents, writings, and things that establish, explain, or set forth any job positions Ms. Benavidez sought, applied for, or otherwise expressed an interest in that constituted a promotion in duties and/or pay during the period January 1, 2008, through the present date.

**DOT's Objections:**  This Request is objectionable on the issue preclusion grounds discussed above. Under Fed. R. Evid. 403 is it accordingly irrelevant to any viable claim remaining in Plaintiff's lawsuit.

         Even if the promotional opportunity claim in Plaintiff's lawsuit was not deemed mooted by her resubmission of it to administrative review, the scope of the foregoing Request grossly exceeds the scope of, and the claims asserted in Plaintiff's August 23, 2011 EEOC Charge, as amended September 13, 2011. As such, it exceeds the scope of claims which Plaintiff could lawfully assert in her Complaint. Second, the request is not reasonably calculated to lead to the discovery of admissible evidence respecting the only two positions that are conceivably within Plaintiff's 2011 EEOC Charge and Complaint: those of Administrative/Operations Manager II, District 3 Traffic Engineer, and Civil Engineer Advanced, Construction Liaison. Doc. 1 at ¶'s 13-16 & 30; *see* Plaintiff's answers to NMDOT Interrogatory Nos. 14 &19, attached as Exhibit C.

         As Plaintiff's discovery answers confirm, both of those positions were filled in 2011. Therefore, Plaintiff's demand for documents related to any jobs she may have applied for from 2008 through the present time is not reasonably calculated to lead to discovery of admissible evidence concerning the only two 2011 positions conceivably within the scope of her lawsuit. Because this request as written is overbroad in time, it would impose undue burden and expense on NMDOT, for no discernible or legitimate discovery purpose.

         Lastly, the request is vague insofar as it requires NMDOT to guess at the meaning of jobs the Plaintiff may have "expressed an interest in." It also calls in part for production of documents which would have been generated by the Plaintiff and which should accordingly be deemed to be in her actual or constructive possession. A party is not required to produce documents equally accessible to an opponent. *S.E.C. v. Strauss*, 2009 WL 3459204 at *11 (S.D.N.Y. 2009) (collecting cases).

13

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 2 is granted in part and denied in part.  The Court finds that the information requested is relevant to Plaintiff's gender discrimination and retaliation claims, and that the temporal scope is reasonable; however, the Court also finds that Plaintiff's request as stated is vague.  Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding job positions Plaintiff applied for that constituted a promotion in duties and/or pay during the period January 1, 2008, through the present date.

> **Request No. 3:**     Please produce any and all applications, resumes, letters of interest, and any other document, writing, or thing presented by any individual who also applied for, sought, or otherwise expressed an interest in any job Ms. Benavidez applied for during the period January 1, 2008, through the present date.

> **DOT's Objections:**     This Request is objectionable for the same reasons as in No. 2, above.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 3 is granted in part and denied in part.  The Court finds that the information requested is relevant to Plaintiff's gender discrimination and retaliation claims, and that the temporal scope is reasonable; however, it also finds that Plaintiff's request as stated is overly broad and vague. Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding the individuals who were selected to fill any of the job positions

Plaintiff applied for that constituted a promotion in duties and/or pay during the period

January 1, 2008, through the present date.

| | |
|---|---|
| **Request No. 4:** | Please produce any and all files, documents, records, writings, or things compiled by, gathered in by, or reviewed by Defendant in deciding the successful candidate for any position Ms. Benavidez applied for during the period January 1, 2008, through the present date. |
| **DOT's Objections:** | This Request is objectionable for the same reasons as in No. 2, above. |

Defendant's Motion regarding Request No. 4 is denied. Defendant's objections are

overruled pursuant to the Court's discussion regarding its summary overruling of certain of

Defendant's objections [*see* Analysis, Section A, <u>supra</u>]. The Court finds that the information

requested is relevant to Plaintiff's gender discrimination and retaliation claims, and that the

temporal scope is reasonable.

Defendant is ordered to produce any information and/or documents within its possession,

custody or control upon which it relied in choosing the successful candidate selected to fill any

of the job positions Plaintiff applied for that constituted a promotion in duties and/or pay during

the period January 1, 2008, through the present date.

| | |
|---|---|
| **Request No. 6:** | Please produce any and all documents, writings, and things in the personnel files of those male employees of Defendant who applied for, sought, or otherwise expressed an interest in any of the DOT positions Ms. Benavidez applied for or sought during the period January 1, 2008 through the present date. This request includes, but is not limited to, payroll and performance evaluation records. |
| **DOT's Objections:** | This Request is objectionable for the same reasons as in No. 2, above. Additionally, this Request unreasonably invades the privacy interests of individuals in personal and confidential information contained in their personnel files. |

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 6 is granted in part and denied in part.  Personnel files, particularly those showing the qualifications and job performance of employees in comparable positions to a plaintiff, are discoverable.  *See Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980); *see also Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975); *EEOC v. University of New Mexico*, 504 F.2d 1296 (10th Cir. 1974).  The Court finds that the information requested is relevant to Plaintiff's gender discrimination, retaliation and equal pay claims, and that the temporal scope is reasonable; however, the Court also finds that Plaintiff's request as stated is overly broad and vague.  Therefore, the Court will limit the request.

Defendant is ordered to produce the personnel files of the DOT employees who were selected to fill any of the job positions Plaintiff applied for that constituted a promotion in duties and/or pay during the period January 1, 2008, through the present date.  The parties are ordered to treat the information as confidential and protected, and to enter a Stipulated Protective Order to govern the use of the documents in order to protect the privacy interests of the non-parties. Personal identifying information such as dates of birth and social security numbers are to be redacted by including only the year of birth and the last four digits in the social security number.

**<u>Request No. 7</u>:**     Please produce any and all documents, writings, and things that describe, explain, or set forth the reason(s) or justification(s) for not selecting Ms. Benavidez for any position she applied for, sought, or otherwise expressed an interest in during the period January 1, 2008 through the present date.

**<u>DOT's Objections</u>:**   This Request is objectionable for the same reasons as in No. 2, above.

Defendant's Motion regarding Request No. 7 is denied.  Defendant's objections are overruled pursuant to the Court's discussion regarding its summary overruling of certain of

Defendant's objections [*see* Analysis, Section A, <u>supra</u>].  The Court finds that the information requested is relevant to Plaintiff's gender discrimination, retaliation and equal pay claims, and that the temporal scope is reasonable.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding its decision not to select Plaintiff to fill any of the job positions Plaintiff applied for that constituted a promotion in duties and/or pay during the period January 1, 2008, through the present date.

> **<u>Request No. 8</u>:**  Please produce any and all documents, writings, and things that describe, explain, or set forth any complaints or grievances raised by Ms. Benavidez to Defendant during the period January 1, 2008 through the present date and Defendant's response(s) to and review of those complaints or grievances.

> **<u>DOT's Objections</u>:**  This Request is objectionable for reasons set forth in NMDOT's pending Motion for Partial Dismissal. Doc. 9. Plaintiff has failed to exhaust administrative remedies respecting the new-found claims in her Complaint related to her dissatisfaction with the way her grievances have been resolved. This claim does not appear to be subject to Title VII at all, and was not raised in Plaintiff's 2011 EEOC Complaint. The Request is accordingly irrelevant under Rule 403. Notwithstanding the foregoing, the Request is also overbroad and unduly burdensome insofar as it exceeds the temporal scope of the period of discrimination alleged in Plaintiff's 2011 EEOC Complaint and thus cognizable in her lawsuit.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 8 is granted in part and denied in part.  The Court finds that the information requested is relevant to Plaintiff's breach of an implied contract of employment, hostile work environment and retaliation claims, and that the temporal scope is reasonable; however, the Court also finds that Plaintiff's request as stated is vague.  Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding written complaints or grievances made by Plaintiff to the Defendant and the Defendant's responses thereto during the period January 1, 2008, through the present date.

> **Request No. 10:**    Please produce any and all documents, writings, or things that describe, set forth, or explain any investigations, inquiries, or reviews conducted by Defendant with respect to any of Ms. Benavidez' complaints or grievances during the period January 1, 2008 through the present date.

> **DOT's Objections:**    This Request is objectionable for the same reasons as in No. 9, above.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, supra], Defendant's Motion regarding Request No. 10 is granted in part and denied in part.  The Court finds that the information requested is relevant to Plaintiff's  breach of an implied contract of employment, hostile work environment and retaliation claims, and that the temporal scope is reasonable; however the Court also finds that Plaintiff's request as stated is vague.  Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding Defendant's investigation, inquiry or review made in response to written complaints or grievances made by Plaintiff to the Defendant during the period January 1, 2008, through the present date.

> **Request No. 11:**    Please produce any and all documents, writings, and things that describe, explain, or set forth any of Defendant's actions, responses, or decisions taken or made as a result of any of complaint or grievance elevated by Ms. Benavidez during the period January 1, 2008 through the present date.

> **DOT's Objections:**    This Request is objectionable for the same reasons as in No. 9, above.

Defendant's Motion regarding Request No. 11 is denied.  Defendant's objections are overruled pursuant to the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>].  The Court finds that the information requested is relevant to Plaintiff's breach of an implied contract of employment, hostile work environment and retaliations claims, and that the temporal scope is reasonable.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding any decisions or actions taken by Defendant in response to written complaints or grievances made by Plaintiff to the Defendant during the period January 1, 2008, through the present date.

> **Request No. 12:**    Please produce any and all documents, writings, and things that describe, explain, or set forth any complaints or grievances raised by Ms. Benavidez to Defendant related to claims of retaliation during the period January 1, 2008 through the present date.

> **DOT's Objections:**    This Request is objectionable for the same reasons as in No. 9, above. If deemed relevant to her Complaint contention of retaliation, it should be temporally limited to such written complaints or grievance as Plaintiff may have filed within the time frame of the alleged discrimination delineated by Plaintiff in her 2011 EEOC Complaint.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 12 is granted in part and denied in part.  The Court finds that the information requested is relevant to Plaintiff's breach of an implied contract of employment, hostile work environment and retaliation claims, and that the temporal scope is reasonable; however, the Court also finds that Plaintiff's request as stated is vague.  Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding written complaints or grievances made by Plaintiff to the Defendant relating to her claims of retaliation during the period January 1, 2008, through the present date.

**Request No. 14:** Please produce any and all documents, writings, and things that set forth, describe, or explain the wage or salary scales, ranges, or points for any position Ms. Benavidez applied for, sought, or otherwise showed an interest in during the period January 1, 2008 through the present date.

**DOT's Objections:** This Request is objectionable for the same reasons as in No. 2, above. If not deemed mooted by Plaintiff's filing of her 2012 promotional opportunities EEOC Complaint, the Request should be strictly limited to information related to the two, 2011 positions which would otherwise arguably fall within the scope of Plaintiff's 2011 EEOC Complaint. Additionally, the Request requires NMDOT to speculate at the meaning of the phrase regarding positions in which Plaintiff "otherwise showed an interest in".

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 14 is granted in part and denied in part. The Court finds that the information requested is relevant to Plaintiff's gender discrimination and equal pay claims, and that the temporal scope is reasonable; however the Court also finds that the request as stated is overly broad and vague. Therefore, the Court will limit the request.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding the wage or salary scales, ranges, or points for any position Plaintiff applied for during the period January 1, 2008, through the present date.

**Request No. 15:** Please produce any and all documents, writings, and things that set forth, describe, or establish Defendant's personnel and compensation policies and procedures during the period January 1, 2008 through the present date.

> **DOT's Objections:** This Request is objectionable because it exceeds the scope of Plaintiff's 2011 EEOC Complaint, which alleged pay-based gender discrimination against her between August 1, 2009 and August 1, 2011. Documents responsive to this Request should be limited to that time frame.

Defendant's Motion regarding Request No. 15 is denied. Defendant's objections are overruled pursuant to the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>]. The Court finds that the information requested is relevant to Plaintiff's gender discrimination and equal pay claims, and that the temporal scope is reasonable.

Defendant is ordered to produce any information and/or documents within its possession, custody or control regarding its personnel and compensation policies and procedures during the period January 1, 2008, through the present date.

> **Request No. 17:** Please produce any and all documents, writings, and things that describe, explain, or set forth the job duties and responsibilities Antonio Jaramillo has performed since his date of hire by Defendant until the present date.

> **DOT's Objections:** This Request is objectionable for the same reasons as in No. 2, above. Antonio Jaramillo was the individual selected to fill the Administrative/Operations Manager II, District 3 Traffic Engineer position that became open in 2011. Plaintiff has elected to resubmit this promotional discrimination claim to administrative review.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, <u>supra</u>], Defendant's Motion regarding Request No. 17 is granted. The Court finds that the information requested by Plaintiff is not relevant to any of the claims raised in Plaintiff's Complaint.

**Request No. 18:**     Please produce any and all documents, writings, and things that describe, explain, or set forth the qualifications and experience of any male employee of Defendant employed as lead district engineer in any district of the DOT during the period January 1, 2008 through the present date.

**DOT's Objections:**   This request is irrelevant to any issue in Plaintiff's lawsuit, and is also objectionable for the reasons set forth in No. 2, above. A District Engineer heads each of NMDOT's several state-wide districts. This is not a position Plaintiff ever sought or applied for. Even if the request were not otherwise irrelevant to any nonmooted claims in Plaintiff's lawsuit, the qualifications of male employees holding the District Engineer position has nothing to do with the qualifications related to the two positions which could conceivably be viewed as falling within the scope of Plaintiff's 2011 EEOC Complaint.

Notwithstanding the Court's discussion regarding its summary overruling of certain of Defendant's objections [*see* Analysis, Section A, supra], Defendant's Motion regarding Request No. 9 is granted. The Court finds that the information requested by Plaintiff is not relevant to any of the claims raised in her Complaint.

### C.     Sanctions

Plaintiff's request regarding sanctions is denied. Reasonable expenses are to be awarded when a motion for protective order is granted or if the disputed discovery is provided after the filing of the motion, unless the court finds that the motion was filed without the movant making a good faith effort, or that the movant's nondisclosure was substantially justified, or that other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, because the Defendant's Motion was granted in part and denied in part, the Court cannot say that the "movant's nondisclosure, response, or objections" were not substantially justified. Therefore, the Court will deny Plaintiff's request for sanctions. However, the parties and counsel for the

22

parties are hereby advised and warned that any future failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of New Mexico, or the Orders of this Court will be met with sanctions.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order [Doc. 27] is granted in part and denied in part as set forth above.  Defendant will have twenty (20) calendar days from the filing of this order to comply.

**IT IS SO ORDERED.**


_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**

23