IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRISCILLA BENAVIDES,

      Plaintiff,

                                        Civil No. 12-919 MV/ACT

  v.

STATE OF NEW MEXICO,
Department of Transportation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Partial Dismissal [Doc. 9]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

## BACKGROUND

Plaintiff has been employed with the New Mexico Department of Transportation ("DOT") as a civil engineer since August 1997. Doc. 1 ¶ 11. Plaintiff alleges that, despite her qualifications, she was passed over for a promotion to the position of District Three Traffic Engineer, which was given to a less qualified male colleague. *Id.* ¶¶ 13-14. Plaintiff further alleges that, on an interim basis, Plaintiff had performed the job duties of the District Three Traffic Engineer, but was compensated at a rate lower than that ultimately offered to her less qualified male colleague. *Id.* ¶¶ 15-16. According to Plaintiff, she complained, to no avail, and ultimately filed a grievance. *Id.* ¶¶ 17-18. Plaintiff alleges that her complaints were ignored, and she was retaliated against for lodging them. *Id.* ¶¶ 24-27.

1

As a result of DOT's alleged misconduct, on August 26, 2011, Plaintiff filed a charge of discrimination with the Equal Employment Commission ("EEOC"), alleging violations of Title VII and the Equal Pay Act.   *Id.* ¶ 4.   On September 13, 2011, Plaintiff filed an amended charge of discrimination, claiming that she had been retaliated against in violation of Title VII and the Equal Pay Act.   *Id.*   On June 1, 2012 the EEOC issued to Plaintiff a Notice of Right to Sue.   *Id.* ¶ 5.

On August 29, 2012, Plaintiff filed her Complaint for Damages from Violations of Title VII, the Equal Pay Act, and New Mexico Common Law.   Doc. 1.   The Complaint alleges claims of gender discrimination, hostile work environment, and retaliation, in violation of Title VII (Counts I to III), violation of the Equal Pay Act (Count IV), and breach of an implied contract of employment (Count V).

On October 22, 2012, Defendant filed a motion for partial dismissal.   Doc. 9.   Plaintiff filed a response in opposition on November 5, 2012.   Doc. 11.   Defendant's reply followed on November 13, 2012.   Doc. 12.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."   *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.   *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss.   *Iqbal*, 556 U.S. at 679.

## DISCUSSION

In its motion for partial dismissal, Defendant makes essentially two arguments.   First, Defendant argues that paragraphs 22 and 27 of the Complaint, which concern DOT's alleged violations of its grievance procedures and alleged improper handling of an internal complaint filed by Plaintiff, go beyond the scope of Plaintiff's EEOC complaints and fail to state a claim under Title VII, and thus should be dismissed.   Next, Defendant argues that Plaintiff's claim of breach of an implied contract of employment (Count V) must be dismissed because Plaintiff was required to, but did not, exhaust State Personnel Board remedies before filing this action.

As an initial matter, Defendant entirely fails to set forth the legal standard on a motion to dismiss, much less apply that standard to the allegations in the Complaint that it claims to be deficient.

Next, Defendant appears to misunderstand the nature of the allegations in paragraphs 22 and 27 of the Complaint.   Those paragraphs appear in the "Factual Allegations" portion of the Complaint, which provides the background for Plaintiff's claims.   Those paragraphs do not

purport to set forth any claims, under Title VII or otherwise, against Defendant, separate and apart from those claims alleged in Counts I through V of the Complaint.   There is thus no claim to dismiss in either paragraph 25 or paragraph 27.   Nor has Defendant provided any basis to strike the material in these paragraphs.   *See* Fed. R. Civ. P. 12(f) (authorizing court to strike from pleading "any redundant, impertinent, or scandalous matter").

Finally, the issue of whether Plaintiff was required to, but did not, exhaust her administrative remedies before bringing her breach of implied contract claim is not properly before this Court on Defendant's motion to dismiss.   A motion to dismiss tests the sufficiency of the allegations in the Complaint; here, Defendant takes issue not with the sufficiency of Plaintiff's allegations, but rather with her alleged failure to comply with rules which Defendant has not identified, much less submitted to the Court for review.   This is a factual issue, not a pleading issue, that necessarily turns on matters outside of the Complaint that have not been presented to the Court.   Thus, rather than raise an issue of the sufficiency of pleading, Defendant attempts to raise an issue of fact, *i.e.*, whether Plaintiff complied with an unidentified set of rules applicable to her as an employee of DOT.   On the instant motion to dismiss, it would be improper for the Court to conclude that, as a matter of law, no genuine dispute exists as to whether Plaintiff violated a set of rules which has been neither identified for nor submitted to the Court.

## CONCLUSION

For the foregoing reasons, Defendant has failed to demonstrate that it is entitled to dismissal of any portion of Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Dismissal [Doc. 9] is denied.

DATED this 28th day of August, 2013.

_____
MARTHA VÁZQUEZ
United States District Judge